UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------- x
:
**ROBERT MCENHEIMER,** : Civil Action No. 2:22-cv-46
on behalf of himself and :
similarly situated employees, :
: INDIVIDUAL AND
*Plaintiff*, : COLLECTIVE/CLASS ACTION
: COMPLAINT
v. :
:
**WALMART, INC.,** : Jury Trial Demanded
:
*Defendant.* : Electronically Filed
:
------------------------------------------------------- x

**INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT**
**Nature of the Action, Jurisdiction, and Venue**

1.     This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113, and the Pennsylvania Wage Payment and Collection Law (WPCL), 43 P.S. § 260.3, to recover damages for non-payment of wages.

2.     Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3.     The actions and policies alleged to be unlawful were committed in whole or in part around Pittsburgh, PA, where Plaintiff worked for Defendant, and elsewhere in the United States where Defendant maintains retail stores. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

**Parties**

4.     **Plaintiff Robert McEnheimer** resides in Allegheny County, PA. Plaintiff worked for Defendant Walmart, Inc., as an hourly Associate from in or about December 2015 until on or

about May 15, 2021, working primarily from Defendant's West Mifflin, PA, store.

5. Plaintiff regularly performed work within the Commonwealth of Pennsylvania.

6. **Defendant Walmart, Inc.,** is incorporated in Delaware, is headquartered at 702 SW 8th Street, Bentonville, AR 72716, and maintains retail outlets and a continual business presence throughout the fifty states, including the Commonwealth of Pennsylvania.

7. At all relevant times Defendant has been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000 and has employees engaged in interstate commerce and the production of goods in interstate commerce and has been subject to the provisions of Section 203(s)(1) of the FLSA.

8. Defendant employs in excess of 500 full time employees.

9. Defendant has annual revenues in excess of $500 million.

10. Defendant has regularly employed individuals in the Commonwealth of Pennsylvania, where Plaintiff worked, as well as the other forty-nine states.

## Statement of Individual and Collective/Class Claims

11. Plaintiff was an hourly Associate.

12. Plaintiff was employed by Defendant from approximately December 2015 until on or about May 15, 2021.

13. Plaintiff was paid an hourly rate.

14. He worked primarily at Defendant's West Mifflin, PA, store.

15. There are in excess of 50 Walmart stores in the Commonwealth of Pennsylvania.

16. There have been in excess of 100 other hourly Associates employed at the West Mifflin, PA, store and in excess of 1,000 other hourly Associates employed by Defendant in the

Commonwealth of Pennsylvania since three years before the filing of this lawsuit.

17. There are in excess of 1,000 Walmart stores in the United States.

18. There have been in excess of 50,000 hourly Associates employed by Walmart in the United States since three years before the filing of this lawsuit.

19. Plaintiff was a W-2 employee.

20. Plaintiff was an employee within the meaning of the FLSA and PMWA.

21. For most of his employment with Defendant, Plaintiff was assigned duties as an Associate per Walmart's standard job description, namely, reporting to management in a Walmart store and performing the various retail duties assigned by management, including stocking, cleaning, unloading trucks, and working the cash registers.

22. For the last approximately nine (9) months of his employment, beginning in about September 2020, Plaintiff was assigned as an in-house delivery driver.

23. As an in-house delivery driver Plaintiff reported to a wholly owned subsidiary of Defendant, Walmart In-Home.

24. While reporting to Walmart In-Home Plaintiff was still being paid by the local store and was still subject to the same policies and procedures he had been subject to prior to that time and the same policies and procedures the other hourly Associates were subject to.

25. For all of his employment Plaintiff was subject to the same standard Walmart policies and procedures regarding the recording of his time worked that have been applied to all other hourly Associates.

26. These were the same policies and procedures applied to the hourly Associates in the Commonwealth of PA and the other states where Walmart operates stores.

27. The other hourly Associates in the Commonwealth of PA and elsewhere where Walmart

operates stores have also been assigned duties per Walmart's standard job description, namely, reporting to management in a Walmart store and performing the various retail duties assigned by management, including stocking, cleaning, unloading trucks, and working the cash registers.

28. Plaintiff was non-exempt within the meaning of the FLSA and PMWA.

29. The other hourly Associates in the Commonwealth of Pennsylvania and the other states where Walmart operates stores are non-exempt within the meaning of the FLSA and state wage and hour laws.

30. Plaintiff regularly worked more than 40 hours in workweeks.

31. Plaintiff was entitled to payment of overtime at one-and-one-half times his regular rate of pay for the hours worked in excess of forty hours in workweeks.

32. Plaintiff was entitled to payment at the promised rate of pay for all time worked, whether that time was recorded or not recorded.

33. The other hourly Associates in the Commonwealth of Pennsylvania and the other states where Walmart operates stores regularly work overtime.

34. The other hourly Associates in the Commonwealth of Pennsylvania and other states where Walmart operates stores are entitled to payment of overtime at one-and-one-half times the regular rate of pay for the hours they work in excess of forty hours in workweeks.

35. The other hourly Associates in the Commonwealth of Pennsylvania and the other states where Walmart operates stores are entitled to payment at the promised rate of pay for all time worked, whether that time is recorded or not recorded.

36. Plaintiff was required to utilize the standard Walmart time-keeping system to record his time worked.

37. The other hourly Associates in the Commonwealth of Pennsylvania and the other states where Walmart operates stores are required to use the same standard Walmart time-keeping

system to record time worked that Plaintiff was required to use.

38. Plaintiff and the other hourly Associates in the Commonwealth of Pennsylvania and the other states where Walmart operates stores are required to follow standard policies and procedures for recording work time and break time.

39. Plaintiff and the other hourly Associates in the Commonwealth of Pennsylvania and the other states where Walmart operates stores are required to follow the same standard policies and procedures for recording work time and break time.

40. The standard policies and procedures established by Walmart for the recording of work time and break time have had the direct and known effect of having Plaintiff and the other hourly Associates work unrecorded, and unpaid, time.

41. Walmart has known the standard policies and procedures established for the recording of work time and break time result in hourly Associates working unrecorded and unpaid work time.

42. Defendant, a sophisticated employer with knowledge of its obligations under the FLSA, the PMWA and other state wage and hour laws in the states where Walmart operates stores, was and is required to pay its hourly Associates, including Plaintiff, for all time worked.

43. Defendant, a sophisticated employer with knowledge of its obligations under the FLSA, the PMWA and other state wage and hour laws, also has understood it is required to maintain accurate records of time worked by Plaintiff and the other Associates.

44. Notwithstanding this knowledge (par. 42-43) Defendant knowingly and intentionally instituted a common policy and/or practice of failing to pay for time worked during "mandatory meal breaks" and of punishing workers who could not take meal breaks and refused to misstate in their time records that meal breaks were taken when they were not.

45. Specifically, as a matter of policy, custom, and practice, Defendant requires Associates, including Plaintiff, to take a meal break of at least ½ hour each day.

46.     This mandatory meal break is unpaid.

47.     The hourly Associates are required to clock out for these meal breaks every workday of six hours or more.

48.     Once the hourly Associates clock out for a break, the time-keeping system prevents the hourly Associates from clocking back in for at least 30 minutes.

49.     The hourly Associates are prevented from clocking back in for at least 30 minutes even if they are performing work during those 30 minutes.

50.     This policy, custom, and practice also includes punishing Associates, including Plaintiff, who do not take the mandatory meal break by writing up the Associates and giving them what Defendant refers to as a "coaching," which is a disciplinary measure.

51.     When an Associate, including Plaintiff, receives three "coachings" the Associate is subject to termination.

52.     Even one "coaching" prevents an Associate, including Plaintiff, from being transferred or promoted for up to one year following the write-up.

53.     As a result, Associates, including Plaintiff, are forced to include a mealbreak in their time records each workday of six hours or more to show they have taken a mandatory mealbreak even when they have been unable to do so.

54.     The other hourly Associates who have been subject to the same policies and procedures as Plaintiff regarding the recording of work time and the recording of mandatory meal breaks are "similarly situated" individuals for purposes of this action.

55.     Defendant knows and has known since the inception of this policy, custom and practice that many Associates, including Plaintiff, are unable to take the mandatory, unpaid meal break because of the demands of the job.

56.     Defendant knows and has known since the inception of this policy, custom and practice

that Associates, including Plaintiff, have included meal breaks in their time records even when the Associates have been unable to take the meal break.

57. Defendant knows and has known that Associates, including Plaintiff, have been unable to take the mandatory meal breaks and have been compelled to include meal breaks in their time records in order to avoid disciplinary action, including termination, by Defendant.

58. Defendant knows and has known this (Par. 57) based upon direct knowledge by the local store management and by the indirect knowledge of upper management, including personnel at headquarters, who have available data showing that Associates have continued to work through unpaid meal breaks.

59. Local store management knows the Associates are working unpaid through meal breaks and including meal breaks in their time records, despite not taking them, because local store management are the ones who typically require the Associates to work through unpaid meal breaks because of the work demands in the store.

60. Local store management also knows this is happening because it has available to it data showing work being performed by the Associates during the unpaid meal breaks.

61. Defendant's upper management knows this is happening for at least two reasons.

62. Upon information and belief, Defendant maintains a centralized department in headquarters responsible for tracking hours worked by Associates, including Plaintiff, throughout Defendant's operations.

63. This department reports to senior management at Defendant's headquarters.

64. This department, generally referred to as the Wage & Hour Department, has access to time records and work records for Associates throughout Defendant's operations.

65. This department has the ability, and exercises this ability, to track hours recorded by all of the Associates.

66.	This department also has the ability, and exercises this ability, to compare hours recorded by the Associates with time-stamped and employee-identifiable data showing work being performed by the Associates.

67.	This department, and in turn senior management, has been aware since at least three years prior to the filing of this Complaint that Associates have been working through unpaid meal breaks.

68.	This department, and in turn senior management, has been aware since at least three years prior to the filing of this Complaint that Associates have been unpaid for time worked because of the policy, custom and practice of requiring Associates, including Plaintiff, of recording a mandatory meal break even though the Associates are frequently unable to take the meal break and punishing Associates who do not record meal breaks.

69.	This department, senior management and local management have all knowingly suffered and permitted Associates, including Plaintiff, to work through unpaid meal breaks in order to reduce the recorded hours and, in turn, reduce pay (straight time and overtime) owed.

70.	This has been the policy, custom and practice in the PA store in which Plaintiff worked as well as the custom and practice in the other Walmart stores throughout the United States for at least the past three years prior to the filing of this Complaint.

71.	Defendant, as a sophisticated employer with knowledge of its obligations under the FLSA, understood it was prohibited from requiring or suffering to permit Plaintiff and the other Associates from working "off-the-clock."

72.	As a matter of policy, custom and practice Defendant has pressured the Associates to include meal breaks in their time records (despite working through them) in order to avoid punishment and by doing so reducing the hours ostensibly worked by Plaintiff and the other Associates.

73.	Plaintiff regularly complained to management about these practices (requiring off the clock work, failing to pay for all hours worked, forcing Plaintiff to include meal breaks in his

time records despite working through them) for himself and the other Associates.

74. Defendant's practices of failing to maintain accurate records of time worked by Plaintiff and the other Associates, requiring Plaintiff and the other Associates to work off-the-clock and failing to pay overtime wages due in overtime workweeks were and are a violation of the FLSA and PMWA and the wage/hour laws of other states where Defendant maintains stores.

75. Defendant has knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that it maintain accurate records of time worked, and at 29 U.S.C. §207(a) that it pay for overtime worked.

76. Defendant has also violated PA common law and the Pennsylvania Wage Payment and Collection Law (WPCL) by breaching its contractual duty to pay Plaintiff and the other Associates in PA their promised wages.

77. Despite its contractual obligation to compensate Plaintiff and the other Associates for work performed during non-overtime hours, Defendant has breached those contractual obligations when it fails as a matter of policy, custom and practice to pay Plaintiff and the other Associates' wages for work performed during unpaid meal breaks.

78. Defendant does not have any good-faith basis on which to withhold the wages.

79. As a result of Defendant's breaches, Plaintiff and the other Associates in PA have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

80. Defendant's violations of the FLSA, PMWA and WPCL have been knowing, willful and in reckless disregard of the FLSA, PMWA and WPCL.

81. Plaintiff does not have any conflicts of interest with the other Associates and is prepared and is adequate to represent the proposed class and collective action.

82. Plaintiff's counsel has been appointed as class/collective counsel in numerous

class/collective wage-and-hour actions, is experienced in class- and collective-action wage-and-hour litigation, and is adequate to serve as class and collective-action counsel.

## COUNT I:  VIOLATION OF THE FLSA ( OFF-THE-CLOCK OVERTIME )
### Individual and Collective Action

83. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

84. Plaintiff and other similarly situated Associates (approximately 50,000 individuals) are employees of Defendant within the meaning of the FLSA.

85. Defendant is an employer within the meaning of the FLSA.

86. Plaintiff and other similarly situated Associates have been paid an hourly rate.

87. Plaintiff and other similarly situated Associates have regularly worked more than forty hours per week (overtime work).

88. Plaintiff and other similarly situated Associates have regularly worked off-the-clock overtime.

89. Plaintiff and other similarly situated Associates have been subjected to the same policies, customs, and practices that have resulted in their performing unpaid work off-the-clock.

90. Plaintiff and other similarly situated Associates have worked off-the-clock overtime with the direct knowledge of Defendant.

91. Defendant has suffered and permitted Plaintiff and other similarly situated Associates to work off-the-clock overtime.

92. Defendant has not paid overtime compensation to Plaintiff and other similarly situated Associates for off-the-clock overtime.

93. Defendant has not paid overtime compensation to Plaintiff and other similarly situated Associates at the proper overtime rate.

94. Defendant has failed to maintain accurate records of time worked for Plaintiff and other similarly situated Associates.

95. Plaintiff and the other similarly situated Associates have been non-exempt within the meaning of the FLSA.

96. Defendant's failure to pay overtime at the proper rate to Plaintiff and the other similarly situated Associates has violated and continues to violate the FLSA.

97. For at least the past three years, Defendant's violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime requirements.

98. Plaintiff and other similarly situated Associates are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

99. Plaintiff and other similarly situated Associates are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

### COUNT II:  VIOLATION OF THE PMWA ( OFF-THE-CLOCK OVERTIME )
### Individual and Class Action (Pennsylvania)

100. Plaintiff incorporates by reference the preceding paragraphs of this complaint.

101. Plaintiff and other similarly situated Associates employed in Pennsylvania (approximately 1,000 individuals) are employees of Defendant within the meaning of the PMWA.

102. Defendant is an employer within the meaning of the PMWA.

103. Plaintiff and other similarly situated Associates employed in PA have been paid an hourly rate.

104. Plaintiff and other similarly situated Associates employed in PA have regularly worked more than forty hours per week.

105. Plaintiff and other similarly situated Associates employed in PA have regularly worked off-the-clock overtime.

106. Plaintiff and other similarly situated Associates employed in PA have been subjected to the same policies, customs, and practices that have resulted in their performing unpaid work off-the-clock.

107. Plaintiff and other similarly situated Associates employed in PA have worked off-the-clock overtime with the direct knowledge of Defendant.

108. Defendant has suffered and permitted Plaintiff and other similarly situated Associates employed in PA to work off-the-clock overtime.

109. Defendant has not paid overtime compensation to Plaintiff and other similarly situated Associates employed in PA for off-the-clock overtime.

110. Defendant has not paid overtime compensation to Plaintiff and other similarly situated Associates employed in PA for all hours of overtime.

111. Defendant has not paid overtime compensation to Plaintiff and other similarly situated Associates employed in PA at the proper overtime rate.

112. Plaintiff and other similarly situated Associates employed in PA are non-exempt within the meaning of the PMWA.

113. Defendant's failure to pay overtime to Plaintiff and other similarly situated Associates employed in PA violates the PMWA.

114. Defendant's failure to maintain accurate records of time worked for Plaintiff and other similarly situated Associates employed in PA violates the PMWA.

115. Plaintiff and the other similarly situated Associates employed in PA are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest,

attorneys' fees, and costs.

## COUNT III:  BREACH OF CONTRACT
### Individual and Class Action (Pennsylvania)

116. Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

117. When Defendant hired Plaintiff and other similarly situated Associates at the Pennsylvania stores Defendant made definite, clear promises to pay a certain hourly rate for hours worked.

118. Those promises created enforceable contractual obligations.

119. Plaintiff and other similarly situated Associates employed in PA provided consideration for those promises by promising to deliver and actually delivering valuable services to Defendant.

120. Despite its contractual obligation to compensate Plaintiff and other similarly situated Associates employed in PA for work performed, Defendant breached those contractual obligations when it failed to pay Plaintiff and other similarly situated Associates employed in PA for off-the-clock work, falsified time records and, in turn, withheld Plaintiff's and the other similarly situated Associates employed in PA's pay.

121. The amount owed to Plaintiff and other similarly situated Associates employed in PA represents wages.

122. Defendant did not have any good-faith basis on which to withhold the wages.

123. As a result of Defendant's breaches, Plaintiff and other similarly situated Associates employed in PA have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

124. Plaintiff and other similarly situated Associates employed in PA are entitled to damages commensurate with the unpaid wages, plus interest, plus compensatory damages resulting from

the breach.

## COUNT IV:  VIOLATION OF THE WPCL
### Individual and Class Action (Pennsylvania)

125. Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

126. Defendant's contractual obligation to pay Plaintiff and other similarly situated Associates in Pennsylvania for hours worked at an agreed upon amount created obligations under the WPCL, 43 P.S. § 260.1 *et seq*.

127. The compensation Defendant failed to pay to Plaintiff and other similarly situated Associates employed in PA for hours worked constitutes wages within the meaning of the WPCL.

128. Defendant violated the WPCL by failing to pay the promised wages for work performed by Plaintiff and other similarly situated Associates employed in PA.

129. Defendant did not have any good-faith basis for withholding the promised wages.

130. Plaintiff and other similarly situated Associates employed in PA are entitled to unpaid wages as well as statutory penalties, pre-judgment and post-judgment interest, attorneys' fees, and costs.

## DEMAND FOR JURY TRIAL

131. Plaintiff and other similarly situated Associates demand a jury trial on all claims and issues in this action that they have a right to submit to a jury.

## PRAYER FOR RELIEF

132. WHEREFORE, Plaintiff and other similarly situated Associates respectfully request that this Court:
    A. Order Defendant to pay the unpaid overtime compensation owed to Plaintiff and other similarly situated Associates;

B. Order Defendant to pay liquidated damages to Plaintiff and other similarly situated Associates;

C. Order Defendant to pay Plaintiff and other similarly situated Associates employed in PA for unpaid non-overtime wages, plus statutory damages under the WPCL;

D. Order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff and other similarly situated Associates; and

E. Grant such further relief as the Court deems necessary and proper.

        Respectfully submitted,

        s/Joseph H. Chivers
        Joseph H. Chivers, Esq.
        PA ID No. 39184
        First & Market Building
        Suite 650
        100 First Avenue
        Pittsburgh, PA  15222
        jchivers@employmentrightsgroup.com
        Tel: (412) 227-0763
        Fax: (412) 774-1994

*Counsel for Plaintiff*
*and all others similarly situated*

Dated: January 7, 2022