IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MCENHEIMER, on behalf of himself and similarly situated employees, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 22-46 ) |
| WALMART, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Presently before the Court is Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Second Amended Complaint. (Docket No. 24). Defendant filed a Memorandum in Support of its Motion, Plaintiff filed a Brief in Opposition thereto, and Defendant filed a Reply. (Docket Nos. 25, 28, 31).[1] The matter is now ripe for disposition.

Defendant moves to dismiss Plaintiff's Pennsylvania Wage Payment and Collection Law ("WPCL") claim at Count IV of Plaintiff's Second Amended Individual and Collective/Class Action Complaint (Docket No. 22, hereinafter "Second Amended Complaint" or "SAC"), and his breach of contract claim at Count III of the SAC, for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant's motion is principally based on the argument that Plaintiff has not alleged the existence of an express or implied contract that obligated Defendant to pay a specific category of wages separate from any statutory obligation. For reasons that follow, Defendant's motion will be denied.

---

[1] Plaintiff also filed a Motion for Leave to File a Sur-reply with his attached proposed Sur-reply, and Defendant filed a brief in opposition thereto. (Docket Nos. 32, 32-1, 34). Additionally, Plaintiff filed a Motion, in the Alternative, for Leave to File Third Amended Complaint, and Defendant filed a brief in opposition thereto. (Docket Nos. 33, 35). For the reasons set forth, *infra*, those motions shall be denied as moot.

1

The WPCL[2] does not create an independent right to compensation. Rather, it provides a statutory remedy that is available when an employer breaches a contractual obligation to pay earned wages. *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003) (citing *Antol v. Esposto*, 100 F.3d 1111, 1117 (3d Cir. 1996), and *Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d Cir. 1990)). "'The contract between the parties governs in determining whether specific wages are earned.'" *See id.* (quoting *Antol*, 100 F.3d at 1117 (internal citation and quotation marks omitted)). Where an employee does not work under a written employment contract or collective bargaining agreement, the employee will have to establish the formation of an implied oral contract to recover under the WPCL. *See id.* at 309-10; *see also Braun v. Wal–Mart Stores, Inc.*, 24 A.3d 875, 954 (Pa. Super. Ct. 2011) (citing *De Asencio*, 342 F.3d at 309). Such implied oral contract for wages arises "when parties agree on the obligation to be incurred, but their intention, instead of being expressed in words, is inferred from the relationship between the parties and their conduct in light of the surrounding circumstances." *Oxner v. Cliveden Nursing & Rehab. Ctr. PA, L.P.*, 132 F. Supp. 3d 645, 649 (E.D. Pa. 2015) ("'[A] promise to pay the reasonable value of the service is implied where one performs for another, with the other's knowledge, a useful service of a character that is usually charged for, and the latter expresses no dissent or avails himself of the service.'" (quoting *Martin v. Little, Brown & Co.*, 450 A.2d 984, 987 (Pa. Super. Ct. 1981))). Accordingly, both Counts III and IV of the SAC necessitate averments that Defendant breached a contract between the parties for the payment of wages.

Here, the SAC adequately avers facts which allow this Court to draw a reasonable inference that Defendant breached an implied contract to pay wages for all time spent performing work duties in compliance with Rule 8 of the Federal Rules of Civil Procedure and applicable precedent. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[2]   43 P.S. § 260.1 *et seq*.

678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Notably, the SAC avers that:

> As Hourly Associates, Plaintiff and all other Hourly Associates in Pennsylvania were **promised to be paid for all time spent performing the work duties of an Hourly Associate** (*i.e.*, duties including but not limited to unloading trucks and similar vehicles, shelving and stocking inventory, working the cash register, communicating with customers).

(Docket No. 22, ¶ 31 (emphasis added)). Plaintiff also alleges that he and similarly situated employees were promised payment for all time spent performing work duties, and that they were assigned and performed these and other duties. (*Id.* ¶¶ 19, 23-25, 30(a)-(d), 34, 54, 55). Plaintiff additionally alleges that he and similarly situated employees performed their duties during mandatory meal breaks, without being paid for their work, in breach of agreed upon terms of employment and in violation of the WPCL. (*Id.* ¶¶ 55-60, 74, 77, 78, 80, 117-131).

Defendants, however, contend that such averments are insufficient to plead a contractual obligation to pay a specific category of wages separate from any statutory obligation derived from the Fair Labor Standards Act ("FLSA") or Pennsylvania Minimum Wage Act ("PMWA"). (Docket No. 25 at 5). The Court disagrees and concludes that the SAC adequately pleads plausible breach of contract and WPCL claims for the payment of wages for "all time spent performing the work duties of an Hourly Associate" during employer-mandated meal breaks, and possibly at other times too. (Docket No. 22, ¶ 31). These claims are based upon the parties' alleged implied contract and are independent of any statutory entitlement to compensation. Indeed, Plaintiff's alleged agreement to be paid for all time spent performing his work duties may be different in scope than compensable time pursuant to the FLSA and PMWA.[3]

---

[3] The U.S. Department of Labor's regulation promulgated pursuant to the FLSA pertaining to *bona fide* meal periods provides, in relevant part:

3

Accordingly, based on the foregoing, the Court enters the following Order:

AND NOW, this 26th day of August, 2022, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Second Amended Complaint (Docket No. 24) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File a Sur-Reply (Docket No. 32), and Plaintiff's Motion, in the Alternative, for Leave to File Third Amended Complaint (Docket No. 33), are DENIED AS MOOT.

IT IS FURTHER ORDERED that Defendant shall file an answer to Plaintiff's Second Amended Complaint by September 9, 2022.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

---

Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.

29 C.F.R. § 785.19(a); *cf. Braun*, 24 A.3d at 957-58 (holding that monetary payments for rest breaks pursuant to an agreement between an employer and employee are wages under the WPCL).